UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH KUYKENDALL  CIVIL ACTION

VERSUS

NO. 19-685-JWD-SDJ

DARREL VANNOY, ET AL.

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT**.

Signed in Baton Rouge, Louisiana, on August 25, 2022.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH KUYKENDALL | CIVIL ACTION |
| VERSUS | |
| DARREL VANNOY, ET AL. | NO. 19-685-JWD-SDJ |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's application should be denied. There is no need for oral argument or for an evidentiary hearing.

Petitioner Joseph Kuykendall challenges his conviction of forcible rape, entered in 2009 by guilty plea in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. On or about October 2, 2019, Kuykendall filed a petition for a writ of habeas corpus contending that his guilty plea was invalid and involuntary. Particularly, Kuykendall contends that he was advised at sentencing that he would only have to register as a sex offender for fifteen years, but upon his release on September 11, 2016, he learned that he was required to register for life.[1]

**I.   PROCEDURAL HISTORY**

After pleading guilty to forcible rape on February 5, 2009, Kuykendall was sentenced to ten years imprisonment, with the first two years to be served without the benefit of parole, probation or suspension of sentence.[2] Kuykendall did not seek a direct appeal.[3] On or about July

---

[1] R. Doc. 1, R. Doc. 1-1, pp. 4-6.
[2] R. Doc. 7, pp. 165-178; R. Doc. 7, p. 89.
[3] R. Doc. 7, p. 84.

27, 2018, after his release from prison, Kuykendall filed an application for post-conviction relief, complaining about the requirement that he register as a sex offender for the remainder of his life.[4] The Commissioner recommended that the application be denied because Kukendall was no longer incarcerated as required by La.C.Cr.P. art. 924.[5] The trial court adopted the Commissioner's recommendation on September 9, 2018, and dismissed Kuykendall's application.[6] The First Circuit denied Kuykendall's writ application on January 1, 2019.[7] The Louisiana Supreme Court denied Kuykendall's application for a writ of certiorari on September 6, 2019, specifically finding that his post-conviction application was filed outside the time limitation in La.C.Cr.P. art. 930.8.

On or about October 2, 2019, Petitioner filed the instant application for habeas corpus relief in this Court.[8]

## II.  ANALYSIS

Federal district courts do not have jurisdiction to entertain Section 2254 actions if, at the time the petition is filed, the petitioner is not "in custody" under the conviction or sentence which the petition attacks.[9] A petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the habeas petition is filed.[10] Kuykendall's petition and attachments affirmatively demonstrate that he was released from confinement on September 11, 2016. Kuykendall does not contend that his release from custody was conditional.[11] Instead, he argues that he is "in custody" because he is required to register as a sex offender.[12] However, a

---

[4] R. Doc. 7, pp. 38-50.
[5] R. Doc. 7, pp. 34-37.
[6] R. Doc. 7, p. 28.
[7] R. Doc. 7, p. 24.
[8] R. Doc. 1.
[9] *Maleng v. Cook,* 490 U.S. 488 (1989).
[10] *Id.* at 491.
[11] *See id.* (Conditional release restrictions satisfy the "in custody requirement.")
[12] R. Doc. 1-1, pp.14-15.

3

petitioner's "obligation to register as a sex offender does not render him 'in custody' for purposes of a § 2254 challenge."[13]

Kuykendall's sentence had fully expired before he filed his federal habeas petition, and he has not shown that he is "in custody" under the 2009 conviction for forcible rape. Accordingly, the Court is without subject-matter jurisdiction to entertain his petition.

## **CERTIFICATE OF APPEALABILITY**

Should Kuykendall pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[14] Although Kuykendall has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[15] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[16] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[17] In the instant case, the Court finds that reasonable jurists would not debate the denial of Kuykendall's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Kuykendall seeks to pursue an appeal in this case, a certificate of appealability should be denied.

---

[13] *Sullivan v. Stephens*, 582 F. App'x 375 (5th Cir. 2014); *Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017); *Lempar v. Lumpkin*, No. 20-50664, 2021 WL 5409266, at *1 (5th Cir. June 8, 2021); Puckett v. Powers, No. 10-1066, 2011 WL 794861, at *1 (E.D. La. Feb. 28, 2011).
[14] 28 U.S.C. § 2253(c)(1)(A).
[15] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[16] 28 U.S.C. § 2253(c)(2).
[17] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).

5

**RECOMMENDATION**

It is recommended that Kuykendall's application for habeas corpus relief be denied for lack of subject-matter jurisdiction and that this proceeding be dismissed. It is further recommended that, in the event Kuykendall pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on August 25, 2022.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**